**Opinion filed May 31, 2019**



In The

# Elebenth Court of Appeals

_____

## No. 11-18-00345-CV

_____

## IN THE INTEREST OF Z.L.C., A CHILD

---

### On Appeal from the 106th District Court
### Gaines County, Texas
### Trial Court Cause No. 17-11-17716

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of Z.L.C. The father timely filed a notice of appeal; the mother did not appeal. On appeal, the father presents two issues in which he asserts that the evidence does not support the trial court's findings. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

After the final hearing in this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (N) and (O). Specifically, the trial court found that Appellant had constructively abandoned the child and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

Under subsection (N), a parent constructively abandons a child if the child has been in the permanent or temporary managing conservatorship of the Department for at least six months, if the Department has made reasonable efforts to return the child to the parent, if the parent has not regularly visited or maintained significant contact with the child, and if the parent has demonstrated an inability to provide the child with a safe environment. FAM. § 161.001(b)(1)(N); *In re B.D.A.*, 546 S.W.3d 346, 359 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Under subsection (O), it must be shown that the parent has failed to comply with the provisions of a court

2

order that specifically established the actions necessary for the parent to obtain the return of the child, that the child has been in the permanent or temporary managing conservatorship of the Department for not less than nine months, and that the child was removed from the parent due to the abuse or neglect of the child. FAM. § 161.001(b)(1)(O).

## *Issues Presented*

Appellant argues in his first issue on appeal that the trial court abused its discretion, with respect to the finding made pursuant to subsection (O), because no clear and convincing evidence was offered to show that Z.L.C. had been in the managing conservatorship of the Department for at least nine months or that Z.L.C. had been removed due to abuse or neglect. In his second issue, Appellant similarly asserts that the trial court abused its discretion, with respect to the finding under subsection (N), because no clear and convincing evidence was offered to show that Z.L.C. had been in the managing conservatorship of the Department for at least six months. We note that Appellant does not contend on appeal that the evidence was lacking as to any other elements of subsections (N) and (O). We also note that Appellant does not challenge the trial court's finding as to the child's best interest.

## *Evidence and Analysis*

The record reflects that the family in this case had a history with the Department prior to the birth of Z.L.C. Z.L.C. was removed from his parents several days after his birth. Appellant was incarcerated at the time of removal and for much of the time that this case was pending in the trial court. He participated at trial via telephone. Appellant testified that, prior to his arrest, he had lived with Z.L.C. for only four days.

Appellant signed a family service plan, and it was admitted into evidence as an exhibit at trial. The exhibit reflects the following reasons for Z.L.C.'s removal: the mother's use of drugs, including methamphetamine, while pregnant with Z.L.C.;

3

the unsanitary condition of the parents' home; and the domestic violence between Appellant and the mother. The service plan indicates that the intake occurred in November 2017. The service plan was completed on February 7, 2018, and Z.L.C. was ultimately placed in the home of Appellant's grandparents in April.[1] The final hearing on termination was held on November 16, 2018. Appellant admitted at trial that "this case has been going on about one year." Thus, contrary to Appellant's assertions, the Department presented clear and convincing evidence that Z.L.C. had been in the managing conservatorship of the Department for at least nine months. We note also that the clerk's record contains an order signed by the trial court on December 22, 2017, in which it appointed the Department as temporary managing conservator of Z.L.C.

The Department also presented clear and convincing evidence that Z.L.C. had been removed due to abuse or neglect. The Texas Supreme Court has held that the language "abuse or neglect of the child" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013). In *E.C.R.*, the court determined that "placing the child's physical health or safety at substantial risk" is sufficient to support a finding of "abuse or neglect." *Id.* at 240. Evidence of the mother's use of methamphetamine while pregnant, Appellant's use of drugs, domestic violence between Appellant and the mother, and the condition of their home constituted sufficient evidence from which the trial court could have determined by clear and convincing evidence that Z.L.C. was removed because of a substantial risk of abuse or neglect.

---

[1]We note that these grandparents wish to adopt Z.L.C., that the Department's plan for Z.L.C. is adoption by these grandparents, and that termination of the parents' rights and adoption by these grandparents was shown to be in Z.L.C.'s best interest.

Furthermore, the record reflects that Appellant had not even attempted to comply with the provisions of his service plan as required by court order. *See* FAM. § 161.001(b)(1)(O). The Department had twice sent Appellant a packet to complete while incarcerated. Appellant testified that he received the paperwork but that, due to him being transferred to three different units, he had not had a chance to do the paperwork. The trial court was free to reject Appellant's assertion. The hearing in this case was held in November 2018; the packet was first sent to Appellant in April and then again in July. Additionally, Appellant had not participated in any services in the previous case regarding Appellant's older child; his parental rights were also terminated with respect to that child.

We hold that, based on the evidence presented at trial, the trial court could have reasonably formed a firm belief or conviction about the truth of the allegations that Appellant challenges in this appeal. Therefore, we overrule both of Appellant's issues on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.

KEITH STRETCHER
JUSTICE

May 31, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.